## *TELECOPY COVER SHEET*

# Law Office of Christopher T. Howell, Esq.
### 315 Broad St.
### Bloomfield, New Jersey 07003
### Phone: 973-259-1122   Fax: 973-259-0102

If there is a problem with transmission or if all pages are not received, please call 973-259-1122 for retransmission.

**TO: Brian Farrelly**                                         **FAX: 919-751-2502**

**Company: Atlantic Casualty Insurance Co.**

**FROM: Chris T. Howell, Esq.**                              **DATE: May 4, 2017**
          **chrishowell@lawhm.com**

**Re:    Alberona Market  Claim No. 0185NJ084337**

Number of pages including this cover page: **49**

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is PRIVILEGED, CONFIDENTIAL and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original to us by mail without making a copy. Thank you.

Comments:

Please find enclosed copies of Order to Show Cause and Verified Complaint as well as supporting documents that have also been sent via Certified Mail .

Thank you,

CHRISTOPHER HOWELL, ESQ.

# CHRISTOPHER T. HOWELL
### *ATTORNEY AT LAW*

315 BROAD STREET
BLOOMFIELD, NEW JERSEY 07008

Phone: (973) 259-1122
Fax: (973) 259-0102

chrishowell@lawhm.com
www.lawhm.com

May 4, 2017                              **VIA NEW JERSEY LAWYERS' SERVICE**

Essex County Superior Court
Civil Clerk, Law Division
Civil Fiscal Central Processing Unit
50 West Market Street
Newark, New Jersey 07102

## ORDER TO SHOW CAUSE & VERIFIED COMPLAINT

**Re:**   **Alberona Market v. Atlantic Casualty Insurance Company**

Dear Sir/Madam:

Enclosed please find the following for filing with respect to the above captioned matter:

(xxx)   Order to Show Cause (original and three copy);

(xxx)   Verified Complaint (original and one copy);

(xxx)   Case Information Statement;

(xxx)   Certification of Counsel;

(xxx)   Brief in Support of Verified Complaint;

(xxx)   Proposed Form of Order (original and one copy);

(xxx)   Check in the amount of $300.00 – Check No.  4239  .

If the Order to Show Cause meets with your approval, kindly execute and return a conformed
copy to this office in the self-addressed stamped envelope enclosed for your convenience.

Very truly yours,
Law Offices of Christopher T. Howell, Esq.

CHRISTOPHER HOWELL

Enclosures

cc:   Brian Farrelly – claims adjuster (sent via fax and C.M.R.R.)

LAW OFFICES OF CHRISTOPHER T. HOWELL          ATTORNEY BUSINESS ACCOUNT          4239

Date: 05/04/2017     Vendor: 166-TREASURER, STATE OF NEW JERSEY          Amount: $300.00          Firm's Acct #:

| Invoice Number | Invoice Amount | Invoice Description |
|---|---|---|
| | $300.00 | Albarona v. Atlantic OTSC Complaint |

| Client Name | | Client # | Matter # | | Client Amount | Account # | Firm Amount |
|---|---|---|---|---|---|---|---|
| Immacolata Soliman | | 417 | 417 | | $300.00 | 52001.00 | $300.00 |

---

SECURITY FEATURES INCLUDE: TRUE WATERMARK PAPER, HEAT SENSITIVE ICON AND FULL HOLOGRAM

**LAW OFFICES OF**
**CHRISTOPHER T. HOWELL**
ATTORNEY BUSINESS ACCOUNT
316 BROAD ST.
BLOOMFIELD, NJ 07003

4239
55-760/0312
064

PNC Bank, N.A.   060

PAY:

Three Hundred Dollar & 00/100

DATE     AMOUNT

05/04/2017     $300.00

TO THE
ORDER
OF:     TREASURER, STATE OF NEW JERSEY

Albarona v. Atlantic OTSC Complaint

AUTHORIZED SIGNATURE

⑆004239⑆ ⑈031207607⑇ 8055879127⑈

---

LAW OFFICES OF CHRISTOPHER T. HOWELL          ATTORNEY BUSINESS ACCOUNT          4239

Date: 05/04/2017     Vendor: 166-TREASURER, STATE OF NEW JERSEY          Amount: $300.00          Firm's Acct #:

| Invoice Number | Invoice Amount | Invoice Description |
|---|---|---|
| | $300.00 | Albarona v. Atlantic OTSC Complaint |

| Client Name | | Client # | Matter # | | Client Amount | Account # | Firm Amount |
|---|---|---|---|---|---|---|---|
| Immacolata Soliman | | 417 | 417 | | $300.00 | 52001.00 | $300.00 |

Rev 2/14          05/04/2017   1:34PM (GMT-04:00)

**Law Offices of Christopher T. Howell, Esq. (Id. 009322003)**
315 Broad Street
Bloomfield, NJ 07003
973-259-1122
Attorneys for Plaintiff

| | |
|---|---|
| ALBERONA MARKET | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: ESSEX COUNTY |
| *Plaintiff(s,)* | DOCKET NO. |
| | |
| vs. | CIVIL ACTION |
| | |
| ATLANTIC CASUALTY INSURANCE | **ORDER TO SHOW CAUSE** |
| COMPANY | |
| | |
| *Defendant(s).* | |

This matter having been opened to the Court by the Law Offices of Christopher T. Howell, Esq., attorneys for plaintiff, and the Court having read the Verified Complaint, Certifications and Brief, and for good cause having been shown;

IT IS on this _____ day of _____ , 2017,

ORDERED that Atlantic Casualty Insurance Company show cause before the Court at the Essex County Court House on _____, 2017, at 9:00 a.m., or as soon thereafter as counsel may be heard, why the defendant should not be obligated to provided business personal property coverage and business interruption coverage to plaintiff for a fire loss occurring on March 17, 2017 and why plaintiff is not entitled to damages, costs, and fees for the filing of this Order to Show Cause, and

.        IT IS FURTHER ORDERED that defendants, Atlantic Casualty Insurance Company shall

file an Answer to the annexed Complaint within thirty-five (35) days after the date of service of the

Order to Show Cause and Complaint upon the defendant, exclusive of the date of service. If the

defendant fails to answer in accordance with Rule 4:4-6, and appear on the return date as set forth

herein above, judgment by default may be rendered against the defendant for the relief demanded in

the Complaint. Defendant shall promptly file their Answer with the Clerk of Essex County,

Newark, New Jersey, in accordance with civil practice and procedure, and;

IT IS FURTHER ORDERED that a representative of Atlantic Casualty Insurance Company

appears in court on _____, 2017 and bring copies of:

- Any letters, notices, or correspondence under which Atlantic Casualty Insurance Company provided Notice of Nonrenewal of insurance including proof of service by certified mail; or by certificate of mailing pursuant to N.J.A.C. 11:1-20.2(i)

- Any letters, notices, or correspondence under which Atlantic Casualty Insurance Company allegedly reserved its right to disclaim coverage.

- Any letters, notices, or correspondence under which Atlantic Casualty Insurance Company disclaimed coverage.

- A certified copy of each and every Atlantic Casualty Insurance Company's policy (including but not limited to policy no. M148000110-2) in effect on March 14, 2016 through March 14, 2107.

- The complete claims file pertaining to the subject claim under claim number 0185NJ084337 (to be reviewed in camera by the judge).

- Copies of all correspondence between Atlantic Casualty Insurance Company and agent/broker, Morstan General Agency of NJ or any other insurance company, agent and/or broker regarding the subject claim;

IT IS FURTHER ORDERED that the within Order shall be served on all parties via

certified mail, return receipt requested and regular mail within ____ days from the date hereof, and;

IT IS FURTHER ORDERED that all answering certifications and affidavits shall be served

and filed within _____ days prior to the return date.

_____

J.S.C.

**Law Offices of Christopher T. Howell, Esq. (Id. 009322003)**
315 Broad Street
Bloomfield, NJ 07003
973-259-1122
Attorneys for Plaintiff

| | |
|---|---|
| ALBERONA MARKET<br><br>    *Plaintiff(s,)*<br><br>vs.<br><br>ATLANTIC CASUALTY INSURANCE<br>COMPANY<br><br>    *Defendant(s).* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO.<br><br>             CIVIL ACTION<br><br>      **VERIFIED COMPLAINT** |

Plaintiff, Alberona Market, doing business as a beauty supply store at 319 Mt. Prospect Avenue, City of Newark, County of Essex and State of New Jersey herein says:

**FIRST COUNT**

1.    This matter arises from a fire loss which occurred on March 17, 2017 wherein the plaintiff, Alberona Market, sustained significant property loss and loss of business income.

2.    At or around the time of the subject fire loss the plaintiff maintained liability insurance coverage through Atlantic Casualty Insurance Company under policy number M148000110-2. The policy period was from March 14, 2016 to March 14, 2017.

3.    On March 28, 2017 Plaintiff was advised that the defendant, Atlantic Casualty Insurance Company were attempting to disclaim coverage for the subject accident.

4.    Upon information and belief, defendant Atlantic Casualty Insurance Company now seeks to disclaim coverage because they allege that the policy was properly canceled on March

14, 2017 (just 3 days before the subject loss) by way of a Notice of Nonrenewal of Insurance that they allege was mailed to plaintiff on or around December 9, 2016.

5.      Plaintiff's did not receive proper notice of Nonrenewal of Insurance and therefore were unaware the subject policy had cancelled just three (3) days prior to the subject loss.

6.      On April 5, 2017 plaintiff, through counsel, requested defendant provide proof of service of the Nonrenewal Notice that was allegedly sent to plaintiff pursuant to N.J.A.C. 11:1-20.2(i), which mandates that no nonrenewal shall be valid unless notice thereof is sent by certified mail; or by a certificate of mailing from the US Postal Service.

7.      On April 24, 2017, defendant provided plaintiff a copy of a Notice of Nonrenewal addressed to Alberona Market dated December 9, 2016 but no proof of service as mandated by N.J.A.C. 11:1-20(i) was accompanied with said letter.

7.      As of the date of filing this Complaint, defendant has failed to provide proper proof of service of said notice.

WHEREFORE, plaintiff demands that (a) the defendants provide coverage for the subject loss, (b) a representative of each defendant appear and show cause why judgment shall not be entered in favor of plaintiff and why defendant shall not provide coverage for plaintiff's subject loss, and (c) punitive, compensatory, treble, and other damages, attorney's fees, interest, and costs of suit.

## SECOND COUNT

1.      Plaintiff hereby repeats and reiterates each and every allegation of the First Count as if the same were set forth herein at length.

2.      The defendants sold to the underlying defendants policies of insurance which provided coverage in the event of property loss and business interruption coverage as a result of a

2

fire.

3. Defendant Atlantic Casualty Insurance Company has made promises to the plaintiff with respect to such coverage and have engaged in advertising in this state promising insurance coverage to their policyholders.

4. By refusing to provide coverage for a legitimate claim for personal injuries and other losses sustained as a result of a fire loss, and by attempting to disclaim otherwise applicable coverage for the subject loss, defendant Atlantic Casualty Insurance Company has violated their promises to this plaintiff and to the general public, thereby committing an unconscionable practice, deceptive fraud, false promise, misrepresentation and/or concealment and omission of material facts relied upon by the plaintiff in violation of the Consumer Fraud Act.

5. The defendant's attempts to renege on their promise and legal obligation to provide coverage for the subject accident constitutes a violation of the Consumer Fraud Act.

WHEREFORE, plaintiff demands that (a) the defendants provide coverage for the subject loss, (b) a representative of each defendant appear and show cause why judgment shall not be entered in favor of plaintiff and why defendant shall not provide coverage for plaintiff's subject loss, and (c) punitive, compensatory, treble, and other damages, attorney's fees, interest, and costs of suit.

### THIRD COUNT

1. Plaintiff hereby repeats and reiterates each and every allegation of the First and Second Counts as if the same were set forth herein at length.

2. By failing to provide coverage and by attempting to disclaim coverage for the subject accident, in light of the clear statutory language under N.J.A.C 11:1-20.2 et al. mandating such coverage, the defendant has violated the Unfair Claims Settlement Practices Act and has

3

engaged in unfair claims settlement practices.

WHEREFORE, plaintiff demands that (a) the defendants provide coverage for the subject loss, (b) a representative of each defendant appear and show cause why judgment shall not be entered in favor of plaintiff and why defendant shall not provide coverage for plaintiff's subject loss, and (c) punitive, compensatory, treble, and other damages, attorney's fees, interest, and costs of suit.

## FOURTH COUNT

1.      Plaintiff hereby repeats and reiterates each and every allegation of the First, Second, and Third Counts as if the same were set forth herein at length.

2.      By attempting to disclaim coverage and deny recovery to Alberona Market's fire loss, even though the clear statutory language under N.J.A.C 11:1-20.2 et al. mandating such coverage, the defendants have committed common law fraud, and have acted in bad faith.

WHEREFORE, plaintiff demands that (a) the defendants provide coverage for the subject loss, (b) a representative of each defendant appear and show cause why judgment shall not be entered in favor of plaintiff and why defendant shall not provide coverage for plaintiff's subject loss, and (c) punitive, compensatory, treble, and other damages, attorney's fees, interest, and costs of suit.

## FIFTH COUNT

1.      Plaintiff hereby repeats and reiterates each and every allegation of the First, Second, Third, and Fourth Counts as if the same were set forth herein at length.

2.      The disclaimers now allegedly being asserted by the defendant violates the public policy (and the statutory law confirming that public policy) that all insureds be provided proper notice of nonrenewal.

4

3.   In light of the attempts to disclaim by Atlantic Casualty Insurance Company, plaintiff requires a complete documentation of the grounds for such disclaimers.

WHEREFORE, plaintiff demands that (a) the defendants provide coverage for the subject loss, (b) a representative of each defendant appear and show cause why judgment shall not be entered in favor of plaintiff and why defendant shall not provide coverage for plaintiff's subject loss, and (c) punitive, compensatory, treble, and other damages, attorney's fees, interest, and costs of suit.

Law Offices of Christopher T. Howell, Esq.
Attorneys for Plaintiffs

BY:  _____
CHRISTOPHER HOWELL

Dated:  May 4, 2017

## CERTIFICATION PER R. 4:5-1

I hereby certify, R.1:4-4(b) that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding and none are contemplated. I certify that if the foregoing statements made by me are willfully false I am subject to punishment.

Law Offices of Christopher T. Howell, Esq.
Attorneys for Plaintiffs

BY:  _____
CHRISTOPHER HOWELL

Dated:  May 4, 2017

## DESIGNATION OF TRIAL COUNSEL PURSUANT TO RULE 4:25-4

Christopher T. Howell, Esq. of the Law Offices of Christopher T. Howell, Esq., attorneys

5

for the aforementioned plaintiffs, is hereby designated as trial counsel in the within matter.

Law Offices of Christopher T. Howell, Esq.
Attorneys for Plaintiffs

BY: _____
CHRISTOPHER HOWELL

Dated:  May 4, 2017

6

Law Offices of Christopher T. Howell, Esq. (Id. 009322003)
315 Broad Street
Bloomfield, NJ 07003
973-259-1122
Attorneys for Plaintiff

| | |
|---|---|
| ALBERONA MARKET | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY DOCKET NO. |
| *Plaintiff(s,)* | CIVIL ACTION |
| vs. | |
| ATLANTIC CASUALTY INSURANCE COMPANY | PLAINTIFF'S CERTIFICATION IN SUPPORT OF VERIFIED COMPLAINT |
| *Defendant(s).* | |

I, Immacolata Soliman, hereby certify as follows:

1.  I am the owner of the named plaintiff in the above captioned matter.

2.  I have read the Verified Complaint and to the best of my knowledge, information and belief, all the facts contained therein are true.

I hereby certify that all of the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Immacolata Soliman*
IMMACOLATA SOLIMAN

DATED: May 4, 2017

10

**Appendix XII-B1**

| | CIVIL CASE INFORMATION STATEMENT<br>(CIS)<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>Pleading will be rejected for filing, under *Rule* 1:5-6(c),<br>if information above the black bar is not completed<br>or attorney's signature is not affixed | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
| | | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| | | CHG/CK NO. |
| | | AMOUNT: |
| | | OVERPAYMENT: |
| | | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Christopher T. Howell, Esq. | TELEPHONE NUMBER<br>(973) 259-1122 | COUNTY OF VENUE<br>Essex |
|---|---|---|
| FIRM NAME (if applicable)<br>Law Offices of Christopher T. Howell, Esq. | | DOCKET NUMBER (when available) |
| OFFICE ADDRESS<br>315 Broad Street<br>Bloomfield, NJ 07003 | | DOCUMENT TYPE<br>OTSC & Complaint |
| | | JURY DEMAND   ☐ YES   ■ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Alberona Market, Plaintiff | CAPTION<br>Alberona Market v. Atlantic Casualty Insurance Company |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>801 | HURRICANE SANDY<br>RELATED?<br>☐ YES   ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING?<br>☐ Yes   ■ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES   ■ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN |

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|

| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION |
|---|

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>■ YES   ☐ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ■ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ■ YES   ☐ No |
|---|

| USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR<br>ACCELERATED DISPOSITION |
|---|

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes   ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ Yes   ■ No | IF YES, FOR WHAT LANGUAGE? |

| I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be<br>redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b). |
|---|
| ATTORNEY SIGNATURE: |

Effective 10/01/2016, CN 10517



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I · 150 days' discovery**
151  NAME CHANGE
175  FORFEITURE
302  TENANCY
399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502  BOOK ACCOUNT (debt collection matters only)
505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
506  PIP COVERAGE
510  UM or UIM CLAIM (coverage issues only)
511  ACTION ON NEGOTIABLE INSTRUMENT
512  LEMON LAW
801  SUMMARY ACTION
802  OPEN PUBLIC RECORDS ACT (summary action)
999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305  CONSTRUCTION
509  EMPLOYMENT (other than CEPA or LAD)
599  CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605  PERSONAL INJURY
610  AUTO NEGLIGENCE – PROPERTY DAMAGE
621  UM or UIM CLAIM (includes bodily injury)
699  TORT – OTHER

**Track III - 450 days' discovery**
005  CIVIL RIGHTS
301  CONDEMNATION
602  ASSAULT AND BATTERY
604  MEDICAL MALPRACTICE
606  PRODUCT LIABILITY
607  PROFESSIONAL MALPRACTICE
608  TOXIC TORT
609  DEFAMATION
616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617  INVERSE CONDEMNATION
618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303  MT. LAUREL
508  COMPLEX COMMERCIAL
513  COMPLEX CONSTRUCTION
514  INSURANCE FRAUD
620  FALSE CLAIMS ACT
701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
271  ACCUTANE/ISOTRETINOIN
274  RISPERDAL/SEROQUEL/ZYPREXA
281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282  FOSAMAX
285  STRYKER TRIDENT HIP IMPLANTS
286  LEVAQUIN
287  YAZ/YASMIN/OCELLA
289  REGLAN
290  POMPTON LAKES ENVIRONMENTAL LITIGATION
291  PELVIC MESH/GYNECARE
292  PELVIC MESH/BARD
293  DEPUY ASR HIP IMPLANT LITIGATION
295  ALLODERM REGENERATIVE TISSUE MATRIX
296  STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297  MIRENA CONTRACEPTIVE DEVICE
299  OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
300  TALC-BASED BODY POWDERS
601  ASBESTOS
623  PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

**Please check off each applicable category**   ☐ Putative Class Action      ☐ Title 59

**Law Offices of Christopher T. Howell, Esq. (Id. 009322003)**
315 Broad Street
Bloomfield, NJ 07003
973-259-1122
Attorneys for Plaintiff

| | |
|---|---|
| ALBERONA MARKET | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY DOCKET NO. |
|     *Plaintiff(s,)* | |
| | CIVIL ACTION |
| vs. | |
| ATLANTIC CASUALTY INSURANCE COMPANY | **BRIEF IN SUPPORT OF COMPLAINT** |
|     *Defendant(s).* | |

## STATEMENT OF FACTS

1.      This matter arises from a fire loss occurred on March 17, 2017 wherein the plaintiff, Alberona Market, sustained significant property loss and loss of business income.

2.      At or around the time of the subject fire loss the plaintiff maintained liability insurance coverage through Atlantic Casualty Insurance Company under policy number M148000110-2. The policy period was from March 14, 2016 to March 14, 2017.

3.      On March 17 plaintiff's beauty supply store was significantly damage due to fire making the business permanently inoperable.

4.      On March 23, 2017, through plaintiff's counsel, defendant was put on notice of said loss and requested a claim be established.

3.      On March 28, 2017 plaintiff was advised that the defendant, Atlantic Casualty Insurance Company were attempting to disclaim coverage for the subject accident.

4. Defendant Atlantic Casualty Insurance Company now seeks to disclaim coverage because they allege that the policy was properly canceled on March 14, 2017 (just 3 days before the subject loss) by way of a Notice of Nonrenewal of Insurance that they allege was mailed on or around December 9, 2016.

5. Plaintiff did not receive proper notice of the Nonrenewal of Insurance and therefore were unaware the subject policy had cancelled just three (3) days prior to the subject loss.

6. On April 5, 2017 plaintiff, through counsel, requested defendant provide proof of service of the Nonrenewal Notice that was allegedly sent to plaintiff pursuant to N.J.A.C. 11:1-20.2(i), which mandates that no nonrenewal shall be valid unless notice thereof is sent by certified mail; or by a certificate of mailing from the US Postal Service.

7. On April 24, 2017, defendant provided plaintiff a copy of a Notice of Nonrenewal addressed to Alberona Market dated December 9, 2016 but no proof of service as mandated by N.J.A.C. 11:1-20(i) was accompanied with said letter.

7. To date, defendant has failed to provide proper proof of service of said notice.

## LEGAL ARGUMENT

### POINT I

DEFENDANT CANNOT SHOW THEY PROVIDED PROPER
NOTICE OF NONRENEWAL THAT WARRANTS
DISCLAIMING COVERAGE

Pursuant to N.J.A.C. 11:1-20.2(b) "no notice of nonrenewal shall be valid unless it is mailed or delivered by the insurer to the insured not more than 120 days nor less than 30 days prior to the expiration of the policy." In addition, N.J.A.C. 11:1-20.2 (g) states, "no nonrenewal

2

or cancellation shall be valid unless the notice contains the standard or reason upon which the termination is premised and specifies in detail the factual basis upon which the insurer relies."

Lastly, and most pertinent to the subject lawsuit, N.J.A.C. 11:1-20.2(i) states the following:

> (i)  No nonrenewal or cancellation shall be valid unless notice thereof is sent;
>
>> 1.  By certified mail; or
>>
>> 2.  By first class mail, if at the time of mailing the insurer has obtained from the Post Office Department a date stamped proof of mailing showing the name and address of the insured, and the insurer has retained a duplicate copy of the mailed notice.[1]

Here, defendant, Atlantic Casualty Insurance Company wrote and bound a commercial general liability policy for plaintiff under policy number M148000110-2.  The policy period was from March 14, 2016 to March 14, 2017.  The policy provided $100,000 in business personal property coverage and $10,000 in business interruption coverage.  On March 17, 2017 plaintiff business sustained significant fire damage.  On March 23, 2017, through plaintiff's counsel, defendant was put on notice of said loss and requested a claim be established. On March 28, 2017 Plaintiff was advised that the defendant, Atlantic Casualty Insurance Company were attempting to disclaim coverage for the subject accident claiming the policy was properly canceled on March 14, 2017 (just 3 days before the subject loss) by way of a Notice of Nonrenewal of Insurance that they alleged was mailed on or around December 9, 2016.  The reason of the nonrenewal was "due to loss history."  Plaintiff did not receive proper notice of Nonrenewal and therefore was unaware the subject policy had cancelled just three (3) days prior to the subject loss.

---

[1] This is also known as a Certificate of Mailing, which is a receipt that provides evidence of the date and address that the mail was presented to the Postal Service for mailing. It can only be purchased at the time of mailing.

3

On April 5, 2017 plaintiff, through counsel, requested defendant provide proof of service of the Nonrenewal Notice that was allegedly sent to plaintiff pursuant to N.J.A.C. 11:1-20.2(i), which mandates that no nonrenewal shall be valid unless notice thereof is sent by certified mail; or by a certificate of mailing from the US Postal Service. On April 24, 2017, defendant provided plaintiff a copy of a notice of nonrenewable addressed to Alberona Market dated December 9, 2016 but no proof of service as mandated by N.J.A.C. 11:1-20(i) was accompanied with said letter.

Defendant must show that it satisfied N.J.A.C. 11:1-20.2(i) by producing either a copy of the certified mail return receipt "green card" accompanied with confirmation of delivery from the US Postal Service by way of the tracking number associated with certified letter; or a certificate of mailing in the form of a receipt that provides evidence of the date and address the notice was actually presented to the Postal Service for mailing. Here, plaintiff has formally requested and has given ample time for defendant to produce evidence of either form of acceptable proof of service as prescribed by N.J.A.C. 11:1-20.2(i). Defendant has failed to produce evidence of proper service. Meanwhile, plaintiff remains without insurance and continues to be unable to operate their business due to the subject fire loss. Irreparable financial harm continues to occur each day this fire loss goes uninsured.

The statute is explicitly clear with respect to coverage in the event the defendant insurer is unable to prove it sent proper notice of nonrenewal to the plaintiff. N.J.A.C. 11:1-20.2(j) states in pertinent part as follows:

> [I]f an insurer fails to send a notice of nonrenewal as required by this subchapter or fails to issue and deliver a policy replacing at the end of the policy period a policy previously issued and delivered by the insurer, or fails to issue and deliver a certificate or notice extending the term of a policy beyond its policy period or

4

term, or fails to provide notice of renewal as specified at (c) above, **the insured shall be entitled to continue the expiring policy at the same terms and premium until such time as the insurer shall send appropriate notice of termination or renewal under this subchapter.** (emphasis added).

Based upon the clear language above, plaintiff shall be entitled to continued coverage beyond the March 14, 2017 expiration date to allow coverage for the fire loss occurring just three (3) days later on March 17, 2017. The purpose of requiring timely proof of service on notices of nonrenewal is to confirm the insured is aware of the upcoming cancellation of the policy and to provide adequate time to secure new coverage with another carrier. Had proper notice been given, plaintiff would have been able to secure another insurance carrier with no lapse in coverage.

The purpose of the aforementioned statue is to avoid a lapse in coverage that would leave the insure exposed to potential loss or liability. That is exactly what happen in the instant case. The plaintiff/insured was unaware of defendant's intention to not renew the subject policy "due to claim history" and therefore did not obtain coverage from another carrier prior the policy expiration. Plaintiff's policy had only expired three (3) days prior to the subject fire loss. Plaintiff cannot have been expected to know their policy was not in effect just three (3) days following the expiration of her policy when she was not given proper notice of same.

It should be noted that plaintiff did make a prior unrelated claim for water damage with a date of loss of September 28, 2016 that was still pending at the time of the fire loss of March 17, 2017. The damages of that claim were only $2352.40, which were subject to the policy deductible of $1000 producing a payout of only $1,352.40 by Atlantic Casualty Insurance Company. With such a small claim, the was no way plaintiff could expect or anticipate the defendant would not renew the policy "due to claim history."

5

Therefore, defendant should be compelled to provide coverage for the subject loss up to the full policy limits under the same terms and premium of the expiring policy; and denied the right to disclaim coverage for the March 17, 2017 loss for failing to provide proper notice of nonrenewal pursuant to N.J.A.C. 11:1-20.2(i).

## POINT II

### DISCLAIMING COVERAGE IN THIS CASE VIOLATES STATE LAW AND PUBLIC POLICY REQUIRING LIABILTY INSURANCE COVERAGE TO PROTECT INNOCENT INSUREDS IN THE EVENT OF PROPERTY LOSS

The disclaimers of coverage would violate the public policy (and the statutory law confirming that public policy) that all insureds be provided proper notice of nonrenewal.  See N.J.A.C. 11:1-20.2, et al.  This insurance obligation to provide proper notice of nonrenewal exists to protect innocent insureds from lapse in liability coverage and by ensuring there is a source of compensation from which to collect in the event of a loss.

If insurance carriers can simply disclaim liability coverage by producing a copy of Notice of Nonrenewal without proof of when said notice was actually mailed and whether it was actually received by the insured, then the public policy/statutory obligation for liability insurance is wholly thwarted.  Thus, if the insurance carrier cannot show proof of service of the nonrenewal notice, the defendants should be compelled to provide coverage to the plaintiff under the same terms and premium of the expiring policy.  (See, N.J.A.C. 11:1-20.2(j)).

## POINT III

### THE DEFENDANT'S ATTEMPT TO DISCLAIM COVERAGE VIOLATES THE CONSUMER FRAUD ACT

The Consumer Fraud Act declares unlawful "the act, use or employment by any person of

6

an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or with the subsequent performance of such person . . ." N.J.S.A. 56:8-2. The Consumer Fraud Act can apply to insurance policies. See *Lemelledo v. Beneficial Management Corp. of America*, 150 N.J. 255 (1997). A violation of the Consumer Fraud Act entitles the aggrieved party to attorney's fees, filing costs, reasonable expenses, and treble damages. N.J.S.A. 56:8-17.

Here, the defendant sold to the plaintiff a policy of insurance which provided coverage in the event of fire loss. The defendant has been made aware plaintiff's fire loss shortly after it had occurred. The defendant was also made aware of the potential liability for continued coverage beyond the expiration date for failing to provide proper notice of the nonrenewal. Despite this, defendant has never participated in the loss claim. They never sent an adjuster to investigate the claim or participate in the fire inspection that occurred on April 21, 2017 at the request of the building owner's insurance company. They did absolutely nothing other than send a declination of coverage letter dated March 28, 2017 and a copy of a Nonrenewal Notice with no proof of service on April 24, 2017. Meanwhile, plaintiff has been unable to operate its business while going uninsured for this loss with no assistance from their insurance carrier.

Plaintiff has relied on the policy of coverage provided by defendant and had no reason to believe the policy would be canceled "due to claim history." Following the subject loss, plaintiff proceeded with the understanding there was insurance coverage from which they could be compensated for their losses. Until March 28, 2017, Atlantic Casualty Insurance Company had

7

never properly disclosed they had canceled the policy.

Defendant has made promises to the plaintiff with respect to such coverage and have engaged in advertising in this state promising insurance coverage to its policyholders. By attempting to disclaim coverage without first properly canceling the policy with proof of notice to the plaintiff, defendant Atlantic Casualty Insurance Company has violated their promises to the plaintiff, and to the general public, thereby committing an unconscionable practice, deceptive fraud, false promise, misrepresentation and/or concealment and omission of material facts relied upon by the plaintiff. These actions and omissions thereby constitute a violation of the Consumer Fraud Act.

### POINT IV

#### THE DEFENDANT'S ATTEMPTS TO DISCLAIM COVERAGE VIOLATE THE UNFAIR CLAIMS SETTLEMENT PRACTICES ACT

The Unfair Claims Settlement Practices Act (N.J.S.A. 17:29B-1, et seq.) prohibits unfair claim settlement practices, including:

- Misrepresenting pertinent facts or insurance policy provisions related to coverages
- Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies
- Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies
- Refusing to pay claims without conducting a reasonable investigation based upon all available information
- Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed

8

- Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

- Attempting to settle a claim for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application

- Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim

N.J.S.A. 17:29B-4(9)(a), (b), (c), (d), (e), (f), (g), (h), and (n).

Given that the plaintiff has rights to coverage under the subject policies, the defendant insurance company is obligated to treat it fairly with respect to such claims.

By attempting to disclaim coverage for the subject loss, the defendants have violated the above provisions and have therefore engaged in unfair claims settlement practices. Thus, the plaintiff is entitled to damages.

### POINT V

#### THE DEFENDANT'S REFUSAL TO PROVIDE COVERAGE
#### CONSTITUTES COMMON LAW FRAUD

The subject coverage is required under the applicable policy language, state law, and public policy. Moreover, the coverage under this policy was contracted and agreed by and between the parties. According to the terms of the policy agreement, the policy provided coverage for fire loss. By now attempting to disclaim coverage that would otherwise apply to the subject accident for plaintiff's losses, and upon which plaintiff has relied, the defendant has committed common law fraud.

Black's Law Dictionary defines fraud (in part) as "unconscionable dealing; esp. in

9

contract law, the unconscientious use of the power arising out of the parties' relative positions and resulting in an unconscionable bargain" and defines common law fraud (promissory fraud)" as being "a promise to perform when the promisor had no intention of performing the promise." By promising coverage to the plaintiff's in the event of fire loss, but then attempting to disclaim such coverage after plaintiff makes a claim for same, the defendants have committed common law fraud. Defendant has failed to provide proof they properly served plaintiff with the Notice of Nonrenewal prior to policy expiration. Defendant are fully aware they cannot prove proper service but are still disclaiming coverage, which rises to the level of common law fraud. Plaintiff is therefore entitled to damages.

## CONCLUSION

In light of the above, the plaintiff respectfully requests an Order compelling the defendants to provide coverage for the subject loss up to the full policy limits under the same terms and premium of the expiring policy; and denying the defendants the right to disclaim coverage for the March 17, 2017 loss for failing to provide proper notice of nonrenewal pursuant to N.J.A.C. 11:1-20.2(i). Moreover, plaintiff respectfully requests an Order compelling a representative of the defendant insurance carrier, who is knowledgeable of this matter and the attempts to disclaim coverage, to appear in Court and provide the documentation described herein. Plaintiff further requests compensatory, punitive, treble, and other damages, as well as costs, interest, and attorney's fees for the filing of said Order to Show Cause.

Law Offices of Christopher T. Howell, Esq.
Attorneys for Plaintiffs

BY: _____
        CHRISTOPHER HOWELL

Dated:  May 4, 2017

10

**Law Offices of Christopher T. Howell, Esq. (Id. 009322003)**
315 Broad Street
Bloomfield, NJ 07003
973-259-1122
Attorneys for Plaintiff

|  |  |
|---|---|
| ALBERONA MARKET | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY DOCKET NO. |
| *Plaintiff(s,)* | |
| vs. | CIVIL ACTION |
| ATLANTIC CASUALTY INSURANCE COMPANY | **ORDER** |
| *Defendant(s).* | |

This matter having been opened to the Court by the Law Offices of Christopher T. Howell, Esq., attorneys for plaintiff, and the Court having read the Verified Complaint, Certifications and Brief, and any opposition for good cause having been shown;

IT IS on this _____ day of _____, 2017,

ORDERED that defendant, Atlantic Casualty Insurance Company provide within 10 days, written confirmation of coverage for plaintiff's fire loss occurring on March 17, 2017 at the same terms and premium of the expiring policy, and it is further

ORDERED that plaintiff be awarded punitive, compensatory, treble, and other damages, attorney's fees, interest, and costs of suit in the amount of $_____.

IT IS FURTHER ORDERED that a copy this Order be served on defense counsel within seven (7) days of the date hereof.

_____
J.S.C.



**Law Offices of Christopher T. Howell, Esq. (Id. 009322003)**
315 Broad Street
Bloomfield, NJ 07003
973-259-1122
Attorneys for Plaintiff

| | |
|---|---|
| ALBERONA MARKET | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY DOCKET NO. |
| *Plaintiff(s,)* | |
| vs. | CIVIL ACTION |
| ATLANTIC CASUALTY INSURANCE COMPANY | **CERTIFICATION OF COUNSEL** |
| *Defendant(s).* | |

I, CHRISTOPHER T. HOWELL, ESQ., of full age by way of Certification in lieu of Affidavit say:

1.     I am an attorney at law of the State of New Jersey and the attorney for the plaintiff in the above captioned matter. I am fully familiar with this action.

2.     Plaintiff, Alberona Market alleges they suffered significant property loss and business income as a result of a fire that occurred on March 17, 2017 at their place of business. The fire caused a total loss of plaintiff's property and inventory making the business completely inoperable resulting in significant loss of income. (See photographs attached as **Exhibit A**).

3.     Defendant, Atlantic Casualty Insurance Company wrote and bound a commercial general liability policy for plaintiff under policy number M148000110-2. The policy period was for March 14, 2016 to March 14, 2017. The policy provided $100,000 in business personal property coverage and $10,000 in business interruption coverage. (See **Exhibit B**).

7

4.     On March 23, 2017, I notified defendant of said loss and requested a claim be established. (See **Exhibit C**).

5.     On March 28, 2017 Defendant Atlantic Casualty Insurance Company attempted to disclaim coverage for the subject accident, claiming the policy was canceled on March 14, 2017, just three (3) days before the subject loss, for nonrenewal due to loss history. (See **Exhibit D**).

6.     On April 5, 2017 I requested defendant provide proof of service of the Nonrenewal Notice that was allegedly sent to plaintiff pursuant to N.J.A.C. 11:1-20.2(i), which mandates that no nonrenewal shall be valid unless notice thereof is sent by certified mail; or by a certificate of mailing from the US Postal Service. (See **Exhibit E**).

7.     By way of letter dated April 24, 2017, defendant provided this office a copy of a Nonrenewal Notice addressed to Alberona Market dated December 9, 2016 that was provided to them by their insurance broker, Morstan General Agency of NJ but no proof of service as mandated by N.J.A.C. 11:1-20(i) was accompanied with said letter. (See **Exhibit F**).

8.     As of the date of filing this Complaint, defendant has failed to provide proper proof of service of the Nonrenewal Notice to plaintiff pursuant to N.JA.C. 11:1-20.2(i).

9.     To protect my client's interests and to ensure that there is insurance coverage applicable to this matter from which my client is entitled to so that they can be reimbursed for their losses, I have filed the within Order to Show Cause to confirm insurance coverage for the subject loss. I have also requested that the defendants appear in court with full documentation and proofs concerning their alleged disclaimer of coverage, and requested damages, fees, costs, and interests related to such Order to Show Cause.

10.    In view of the above, it is respectfully requested that plaintiff's application be granted. A copy of the proposed Order is attached hereto.

8

I hereby certify that the foregoing statements made by me are true.  I am aware if an of the statements made by me are willfully false, I am subject to punishment.

CHRISTOPHER T. HOWELL

DATED: May 4, 2017

9

# EXHIBIT A



# EXHIBIT B


**Atlantic Casualty Insurance Company**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS**

Renewal of Number  M148000110-1

Policy No.  M148000110-2

Named Insured and Mailing Address (No., Street, Town or City, County, State, Zip Code)*
ALBERONA MARKET

319 Mt. Prospect Avenue
NEWARK          NJ  07104

Policy Period * :  From 03/14/2016   to 03/14/2017   at 12:01 A.M. Standard Time at your mailing address shown above.

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

**LIMITS OF INSURANCE**

| | | |
|---|---|---|
| Each Occurrence Limit | $ 1,000,000 | |
| Damages To Premises Rented To You Limit | $ 100,000 | Any one premises |
| Medical Expense Limit | $ 5,000 | Any one person |
| Personal and Advertising Injury Limit | $ 1,000,000 | Any one person or organization |
| General Aggregate Limit | | $ 2,000,000 |
| Products / Completed Operations Aggregate Limit | | $ 1,000,000 |

**RETROACTIVE DATE (CG 00 02 ONLY)**
Coverage A of this insurance does not apply to "bodily injury" or "property damage" which occurs before the Retroactive Date, if any, shown here:
(Enter Date or "None" if no Retroactive Date applies)

**DESCRIPTION OF BUSINESS AND LOCATION OF PREMISES**

Form of Business:
☒ Individual    ☐ Joint Venture    ☐ Partnership    ☐ Organization (Other than Partnership or Joint Venture)
Business Description*:
VARIETY STORE

Location of All premises You Own, Rent or Occupy:

319 Mt. Prospect Avenue            NEWARK            NJ  07104

**PREMIUM**

| Classification | Code No. | Premium Basis | Territory | Rate Pr/Co | Rate All Other | Advance Premium Pr/Co | Advance Premium All Other |
|---|---|---|---|---|---|---|---|
| Variety Stores – Other than Not-For-Profit | 18911 | S GS 50,000 | 006 | 0.178 | 5.007 | $9 | $250 |

| | | |
|---|---|---|
| | See Attached ACD-GLS | |
| | Subtotal For ACD-GLS | $  50.00 |
| Minimum Premium Applies | Total or Minimum Premium | $  575.00 |

**(a) area   (c) total cost   (m) admission   (p) payroll   (s) gross sales   (u) units   (t) other

FORMS AND ENDORSEMENTS applying to this Coverage part and made part of this policy at time of issue +:
SEE SCHEDULE OF FORMS AND ENDORSEMENTS

Countersigned:~

By _____    _____
Authorized Representative

*Entry optional if shown in Common Policy Declarations.
+Forms and Endorsements applicable to this Coverage Part omitted if shown elsewhere in the policy.
THESE DECLARATIONS AND THE COMMON POLICY DECLARATIONS, IF APPLICABLE, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc.

ACD-GL1 08-11

POLICY NUMBER: M148000110-2

COMMERCIAL GENERAL LIABILITY
CG 20 11 01 96

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# ADDITIONAL INSURED -- MANAGERS OR LESSORS OF PREMISES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

## SCHEDULE

1. Designation of Premises (Part Leased to You): 319 Mt. Prospect Avenue
   NEWARK                                       NJ    07104
2. Name of Person or Organization (Additional Insured):JC REALTY
   263 MOLNAR DR., ELMWOOD PARK, NJ 07407
3. Additional Premium: $50

(If no entry appears above, the information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:

This insurance does not apply to:
1. Any "occurrence" which takes place after you cease to be a tenant in that premises.
2. Structural alterations, new construction or demolition operations performed by or on behalf of the person or organization shown in the Schedule.

CG 20 11 01 96                 Copyright, Insurance Services Office, Inc., 1994                 Page 1 of 1

Policy Number:  M148000110-2

---

**LOCATION OF PREMISES**

Location of All premises You Own, Rent or Occupy:

319 Mt. Prospect Avenue                NEWARK                    NJ  07104

---

**PREMIUM**

| Classification | Code No. | Premium Basis | Territory | Rate Pr/Co | All Other | Advance Premium Pr/Co | All Other |
|---|---|---|---|---|---|---|---|
| Additional Insured – Manager Or Lessor Of Premises | CG2011 | | | | | $ | $50 |
| | | | | | | $ | $ |
| | | | | | | $ | $ |
| | | | | | | $ | $ |
| | | | | | Total for extension | Total | $60.00 |

(a) area   (c) total cost   (m) admission   (p) payroll   (s) gross sales   (u) units   (t) other

ACD-GLS 08-11



**Atlantic Casualty Insurance Company**

## COMMERCIAL PROPERTY COVERAGE PART DECLARATIONS

Policy No. M148000110-2

M148000110-1
Renewal of Number*

Named Insured and Mailing Address (no., Street, Town or City, County, State, Zip Code)*
ALBERONA MARKET

319 Mt. Prospect Avenue
NEWARK                    NJ   07104

Policy Period*:       From 03/14/2016       to 03/14/2017       ☐ Supplemental Declaration is attached
mailing address shown above.                                    at 12:01 A.M. Standard Time at your

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE
WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

**BUSINESS DESCRIPTION*  VARIETY STORE**

**DESCRIPTION OF PREMISES**

| PREM. NO. | BLDG. NO. | LOCATION, CONSTRUCTION AND OCCUPANCY |
|---|---|---|
| 01 | 01 | 319 Mt. Prospect Avenue    NEWARK |
| | | NJ  07104        Frame        VARIETY STORE |

**COVERAGES PROVIDED – INSURANCE AT THE DESCRIBED PREMISES APPLIES ONLY FOR COVERAGES FOR WHICH A LIMIT OF INSURANCE IS SHOWN**

| PREM. NO. | BLDG. NO. | COVERAGE | LIMIT OF INSURANCE | COVERED CAUSES OF LOSS | COINSURANCE+ | RATES |
|---|---|---|---|---|---|---|
| 01 | 01 | BPP | 100,000 | Special Excl Theft | 80 % | 0.6831 |
| 01 | 01 | BI-Ex Exp | 10,000 | Special Excl Theft | 80 % | 0.6664 |

**OPTIONAL COVERAGES – APPLICABLE ONLY WHEN ENTRIES ARE MADE IN THE SCHEDULE BELOW.** *IF EXTRA EXPENSE COVERAGE LIMITS ON THE LOSS PAYMENT

| PREM. NO. | BLDG. NO. | AGREED VALUE EXPIRATION DATE | COVERAGE | AMOUNT | REPLACEMENT COST (X) |
|---|---|---|---|---|---|
| 01 | 01 | | | | BUILDING  PERSONAL PROPERTY  INCL "STOCK" |
| | | | | | X |

| PREM. NO. | BLDG. NO. | INFLATION GUARD (Percentage) | | ++MONTHLY LIMIT OF INDEMNITY (Fraction) | ++MAXIMUM PERIOD INDEMNITY (X) | ++ EXTENDED PERIOD OF INDEMNITY (DAYS) |
|---|---|---|---|---|---|---|
| | | BUILDING | PERSONAL PROPERTY | | | |
| | | % | % | | | |
| | | % | % | | | |

**MORTGAGE HOLDER(S)**

| PREM. NO. | BLDG. NO. | | | |
|---|---|---|---|---|
| | | MORTGAGE HOLDER NAME AND MAILING ADDRESS | | |

++APPLIES TO BUSINESS INCOME ONLY

**DEDUCTIBLE**

1000  EXCEPTIONS:

**FORMS AND ENDORSEMENTS applying to this Coverage part and made part of the policy at time of issue**:**

APPLICABLE TO ALL COVERAGES:
SEE SCHEDULE OF FORMS AND ENDORSEMENTS

APPLICABLE TO SPECIFIC
PREMISES/COVERAGES:    PREM. NO.    BLDG. NO.    COVERAGES    FORM NUMBERS

**PREMIUM FOR THIS COVERAGE PART**

TOTAL $   750.00    "Payable at Inception*

Countersigned:*

By: _____
Authorized Representative

Entry optional if shown in Common Policy Declarations

Forms and endorsements applicable to this Coverage Part omitted if shown elsewhere in the policy.

THESE DECLARATIONS AND THE COMMON POLICY DECLARATIONS, IF APPLICABLE, TOGETHER WITH THE COMMON POLICY CONDITIONS,
COVERAGE FORM(S) AND FORMS ENDORSEMENT, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc. 1983, 1984

D-PS (01/02)

05/04/2017  1:34PM (GMT-04:00)



**Atlantic Casualty Insurance Company**

# COMMON POLICY DECLARATIONS

Policy Number  M148000110-2

M148000110-1
Renewal of Number

SLA# 00718-16-00318

**Item 1. Named Insured and Mailing Address:**
ALBERONA MARKET

319 Mt. Prospect Avenue
NEWARK                   NJ 07104

**Item 2. Policy Period**   From:  03/14/2016   To: 03/14/2017   Term  365   Day(s)
12:01 A. M. Standard Time at the address of the Named Insured as stated herein

**Item 3. Business Description:**
VARIETY STORE

In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.

This policy consists of the following coverage parts for which a premium is indicated. Where no premium is shown, there is no coverage. This premium may be subject to adjustment.

| Coverage Part(s) | Form No and Edition Date | Premium |
|---|---|---|
| Commercial General Liability Coverage Part | | $ 575.00 |
| Property Coverage Part | | $ 750.00 |
| Equipment Breakdown Coverage | | $ 43.00 |
| Inland Marine Coverage Part | | $ |
| Terrorism Coverage | | $ |
| | Subtotal | $ 1,368.00 |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | Total | $ 1,368.00 |

Audit Period Annually

**Item 4. Forms and Endorsements applicable to all Coverage Parts:**
See Schedule of Forms and Endorsements

Agent No.:   290
General Agent:  MORSTAN GENERAL AGENCY OF NEW JERSEY, INC.
Address:   1460 ROUTE 9 NORTH, SUITE 204
WOODBRIDGE                   NJ   07095

Producer Code No.:
Producer Name:   GRANO INSURANCE AGENCY
Producer Address:   PO BOX 368
SOUTH ORANGE          NJ   07079

Countersigned ____ 03/17/2016 ____ CG/AG   By _____
DATE                                                    COUNTERSIGNATURE

*"This policy is written by a surplus lines insurer and is not subject to the filing or approval requirements of the NJ Dept. of Banking & Insurance. Such a policy may contain conditions, limitations, exclusions and different terms than a policy issued by an insurer granted a Certificate of Authority by the Department. The insurer has been approved by the Department as an eligible surplus lines insurer, but the policy is not covered by the NJ Insurance Guaranty Fund. Only a policy of medical malpractice liability as defined in NJSA 17:30-3d or policies of property insurance covering owner-occupied dwellings of less than four dwelling units are covered by the NJ Surplus Lines Guaranty Fund."*

THIS COMMON POLICY DECLARATIONS AND THE SUPPLEMENTAL DECLARATIONS, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND ENDORSEMENTS COMPLETE THE ABOVE NUMBER POLICY.

IN WITNESS WHEREOF, this Company has caused this Policy to be signed by its President and its Secretary and countersigned by a duly authorized representative.

President                   INSURED                   Secretary

D 12-15

# EXHIBIT C

# CHRISTOPHER T. HOWELL
*ATTORNEY AT LAW*

315 BROAD STREET
BLOOMFIELD, NEW JERSEY 07003

Phone: (973) 259-1122
Fax: (973) 259-0102

chrishowell@lawhm.com
www.lawhm.com

March 23, 2017

*VIA FAX (919-751-2502) & REGULAR MAIL*

Atlantic Casualty Insurance Company
Claims Department
400 Commerce Court
Goldsboro, North Carolina 27533-2027

> Re:   Insured: Alberona Market
>        Policy No: M1480001102
>        Date of Loss: 03/17/2017

Dear Sir/Madam:

Please be advised this office was retained by Alberona Market to establish a claim following a property damage loss which occurred on the above date. Please be advised my client's place of business is located at 319 Mt. Pleasant Avenue, Newark, New Jersey 07104 which sustained significant fire damage on March 17, 2017. By way of this letter, I am kindly requesting that you establish a claim at this time and advise me of the adjuster handling this matter. I would request that you direct all future communications directly to my office.

If you have any questions, please feel free to contact my office.

Very truly yours,

Law Offices of Christopher T. Howell, Esq.

CHRISTOPHER HOWELL

CH/rl

cc:  Immacolata Soliman – (via e-mail)
     Morstan General Agency, Inc.

# Send Result Report

MFP

**RX KYOCERA**

## TASKalfa 4501i

Firmware Version 2N9_2000.004.202 2015.01.16

03/23/2017 17:49
[2N7_1000.003.007] [2N4_1100.001.002] [2N4_7000.004.202]

Job No.: 011969          Total Time: 0°00'23"          Page: 001

# Complete

Document:          doc011969201703231174841

---

### CHRISTOPHER T. HOWELL
*ATTORNEY AT LAW*

315 BROAD STREET
BLOOMFIELD, NEW JERSEY 07003

Phone: (973) 259-1122
Fax: (973) 259-0102

chrishowell@lawhrn.com
www.lawhrn.com

March 23, 2017

*VIA FAX (919-751-2502) & REGULAR MAIL*

Atlantic Casualty Insurance Company
Claims Department
400 Commerce Court
Goldsboro, North Carolina 27533-2027

Re:     Insured: Alberona Market
        Policy No: M1480001102
        Date of Loss: 03/17/2017

---

| No. | Date and Time Destination | Times | Type | Result | Resolution/ECM |
|-----|---------------------------|-------|------|--------|----------------|
| 001 | 03/23/17 17:49 19197512502 | 0°00'23" | FAX | OK | 200x100 Normal/On |

# EXHIBIT D



**Atlantic Casualty**
**Insurance Company**

March 28, 2017

Christopher T. Howell
Attorney At Law
315 Broad Street
Bloomfield, NJ 07003

> **CERTIFIED MAIL**
> (7016 0910 0000 6475 7344)
> **AND REGULAR U. S. MAIL**

Re:   Policy Number:      M148000110-2
      Claim Number:       0185NJ084337
      Insured:            Alberona Market
      Date of Loss:       March 17, 2017
      Your Client:        Alberona Market

**Declination of Coverage**

Dear Mr. Howell:

This will acknowledge receipt of a claim filed for fire damage to Alberona Market's business, located on 319 Mt. Prospect Avenue in Newark, New Jersey. The fire loss occurred on March 17, 2017.

Alberona Market's policy with Atlantic Casualty Insurance Company, policy number *M1498000110-2* was effective March 14, 2016 to March 14, 2017. The policy included the Special Form Policy, *CP1030 (10/12)* and provides coverage in amount of $100,000 for business personal property and $10,000 for business interruption including extra expense for premise one, building one. A $1,000 deductible per occurrence applies to all covered losses.

The policy includes *CP0010 (10-12)) BUILDING & PERSONAL PROPERTY COVERAGE FORM,* which states in part:

> ### BUILDING AND PERSONALPROPERTY COVERAGE FORM
>
> *A. Coverage*
>
> *We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.*

**400 Commerce Court, Goldsboro, North Carolina 27534**
**Phone 919-759-3319  Toll Free 1-877-222-5522  Fax (919) 751-2502**

## COMMERCIAL PROPERTY CONDITIONS

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

### H. POLICY PERIOD, COVERAGE TERRITORY

*Under this Coverage Part:*

*1. We cover loss or damage commencing:*

    *a. During the policy period shown in the Declaration; and*
    *b. Within the coverage territory.*

*2. The coverage territory is:*

    *a. The United States of America (including its territories and possessions);*
    *b. Puerto Rico; and*
    *c. Canada.*

\* \* \*

## COVERAGE ANALYSIS

Our investigation revealed the fire occurred on March 17, 2017. Alberona Market's policy with Atlantic Casualty Insurance Company was effective March 14, 2016 to March 14, 2017. Since the loss occurred after the policy expiration date, no coverage can be found for this loss.

We suggest you have your client contact their agent and report this claim to their current commercial property insurance carrier.

By copy of this letter, we are also notifying Grano Insurance Agency, the retail agent on above referenced policy that ACIC cannot find any coverage for this claim.

Please do not hesitate to contact me should you have any questions.

This statement of ACIC's position is without prejudice to you or to ACIC. It is based on information provided to date. ACIC reserves its right to supplement this statement of its position with additional grounds for reserving its rights or denying coverage under its referenced policy should any such grounds appear hereafter. Nothing in this letter shall be construed as a waiver, extinguishment, or modification of any rights, remedies, terms, conditions, and/or exclusions contained in the policy and/or provided by applicable law.

ACIC will reconsider its position in light of any additional information you may have or any analysis you may wish to present that, in your opinion, shows that coverage applies to this claim. If you wish us to re-examine this matter on that basis, please write to the undersigned representative, setting out any such additional information or analysis. If such additional

2

information is included in documents that have not already been supplied to ACIC, please enclose copies of those documents.

Pursuant to N.J.A.C. 11:25-1.7 New Jersey's Insurance Laws, require that all carriers provide an internal appeals process to resolve any and all claim disputes. If you are not satisfied with the handling of your claim, contact Angie Grady, Vice President of Claims, Atlantic Casualty Insurance Company, 400 Commerce Court, Goldsboro, NC 27533.

Additionally, pursuant to N.J.A.C. 11:25-1.7 we provide you with the following information for contacting the Office of Insurance Claims Ombudsman:

Office of Insurance Claims Ombudsman
Department of Banking and Insurance
PO Box 472
Trenton, NJ 086250472
Telephone: (800) 4467467
Telefax: (609) 2922431
Email:
ombudsman@dobi.state.nj.us

Sincerely,

Brian Farrelly
Claims Examiner

Cc:  Alberona Market
     319 Mt Prospect Avenue
     Newark, NJ 07104

     Grano Insurance Agency
     P O Box 368
     South Orange, NJ 07079

3

# EXHIBIT E

# CHRISTOPHER T. HOWELL
## *ATTORNEY AT LAW*

315 BROAD STREET
BLOOMFIELD, NEW JERSEY 07003

Phone: (973) 259-1122
Fax: (973) 259-0102

April 5, 2017

chrishowell@lawhm.com
www.lawhm.com

## *VIA FAX (919-751-2502)*

Brian Farrelly, Claims Examiner
Atlantic Casualty Insurance Company
Claims Department
400 Commerce Court
Goldsboro, North Carolina 27533-2027

Re:     **Policy No; M148000110-2**
**Claim No: 0185NJ084337**
**Insured: Alberona Market**
**Date of Loss: 03/17/2017**

Dear Mr. Farrelly:

As you know, this office represents, Alberona Market located at 319 Mt. Pleasant Avenue, Newark, New Jersey for a fire loss occurring on March 17, 2017. I am in receipt of your letter dated March 28, 2107 wherein you are denying coverage due to an expired policy effective March 14, 2017. As I am sure you are aware, you are bound to provide my client with proper notice of non-renewal and/or cancellation of the policy pursuant to N.J.A.C. 11:1-20.2(i). By way of this letter, I am requesting that you provide to this office proof of notice pursuant to the aforementioned statute. By copy of this letter, I am putting Grano Insurance and Morstan General Agency, Inc. on notice of my representation in this matter and ask that they as well provide any and all proofs of notice of said cancellation as mandated by statute.

Lastly, I recently spoke with Andrew Sternheim, adjuster for Wesco Insurance Company who provides coverage for the landlord/owner of 319 Mount Prospect Ave, Newark, NJ. He advised that a fire inspection will be conducted sometime next week. I would like to know if you will be sending a representative to the inspection in the event my client is able to establish coverage under your policy for this date of loss. Please advise.

If you have any questions, please feel free to contact my office.

Very truly yours,
Law Offices of Christopher T. Howell, Esq.

CHRISTOPHER HOWELL

cc:  Immacolata Soliman – (via e-mail) ✓
Morstan General Agency, Inc. – (via regular mail) ✓
Grano Insurance Agency – (via regular mail) ✓
Andrew Sternheim (via email: asternheim@deckerclaims.com) ✓

# EXHIBIT F



**Atlantic Casualty**
**Insurance Company**

April 24, 2017

Christopher T. Howell
Attorney at Law
315 Broad Street
Bloomfield, NJ 07003

Re:     Our Insured:        Alberona Market
        Our Claim #:        0185NJ084337
        Your Client:        Alberona Market
        Date of Loss:       March 17, 2017

Dear Mr. Howell:

This will acknowledge receipt of your letter dated April 5, 2017 wherein you request any and all proofs of notice of the policy cancellation. Attached, please find the documentation provided to us by the general agency, Morstan General Agency of NJ.

Any action taken by ACIC, its agents, representatives, or attorneys in investigating the incident involved, or in defending any law suit filed in connection with this matter, or in participating in any settlement discussions or negotiations, does not constitute and is not intended as a waiver of any rights or defenses available to ACIC and shall not prohibit ACIC from asserting, at a later time, any rights or policy defenses which may be available now or at that time. All such rights and defenses are hereby expressly reserved. Nothing in this letter shall be construed as a waiver, extinguishment, or modification of any rights, remedies, terms, conditions, and/or exclusions contained in the policy and or provided by applicable law.

Should you have any questions, please contact me directly to discuss.

Thank you,

*Bryan Davis*

Bryan Davis
Claims Supervisor
919-759-7559 (phone)
BDavis@AtlanticCasualty.Net

CC:     Morstan General Agency of NJ
        1460 Route 9 North, Suite. 204
        Woodbridge, NJ 07095

**400 Commerce Court, Goldsboro, North Carolina 27534-8010**
**Phone 919-759-3319  Toll Free 1-877-222-5522  Fax (919) 751-2502**

05/04/2017   1:34PM (GMT-04:00)

ATLANTIC CASUALTY INSURANCE COMPANY
P O BOX 8010
GOLDSBORO NC 27533-2027

# NOTICE OF NONRENEWAL OF INSURANCE

Named Insured & Mailing Address:

ALBERONA MARKET
319 MT. PROSPECT AVENUE
NEWARK NJ 07104

Producer: MORNJ

MORSTAN GENERAL AGENCY OF NJ
1460 ROUTE 9 NORTH SUITE 204
WOODBRIDGE NJ 07095

Policy No.: M1480001102
Type of Policy: PACKAGE
Date of Expiration: 03/14/2017; 12:01 A.M. Standard Time at the mailing address of the Named Insured.

We will not renew this policy when it expires. Your insurance will cease on the Expiration Date shown above.

The reason for nonrenewal is DUE TO LOSS HISTORY

YOU HAVE A RIGHT TO PROTEST OUR ACTION. YOU MAY FILE A WRITTEN COMPLAINT WITH THE NEW JERSEY DEPARTMENT OF BANKING AND INSURANCE, OFFICE OF CONSUMER INQUIRY AND CASE PREPARATION UNIT, PO BOX 471, TRENTON, NEW JERSEY 08625, OR YOU MAY CONTACT THEM AT (609)292-7272, OR ELECTRONICALLY AT www.state.nj.us/dobi/consumer.htm. YOU SHOULD CONTACT THEM IMMEDIATELY IF YOU WISH TO FILE A COMPLAINT.

This policy provides fire and extended coverage insurance on your property. You should contact your agent concerning coverage through another insurer, or your eligibility for coverage through the New Jersey Insurance Underwriting Association, 744 Broad Street, Suite 1100, Newark, NJ 07102-3881. Phone: (973) 622-3838.

Named Insured

ALBERONA MARKET
319 MT. PROSPECT AVENUE
NEWARK NJ 07104

Date Mailed:
9th day of December, 2016



JAY LEVY

FORM# CN96970306NJ12016
QDEN 3.0.15.10e

Copy for Named Insured

NJCN19NONE APP
12082016MYNN
Page 1 of 1

05/04/2017  1:34PM (GMT-04:00)

# CHRISTOPHER T. HOWELL
### *ATTORNEY AT LAW*

315 BROAD STREET
BLOOMFIELD, NEW JERSEY 07003

Phone: (973) 259-1122
Fax: (973) 259-0102

April 5, 2017

chrishowell@lawhm.com
www.lawhm.com

*VIA FAX (919-751-2502)*

Brian Farrelly, Claims Examiner
Atlantic Casualty Insurance Company
Claims Department
400 Commerce Court
Goldsboro, North Carolina 27533-2027

> **Re:** **Policy No; M148000110-2**
> **Claim No: 0185NJ084337**
> **Insured: Alberona Market**
> **Date of Loss: 03/17/2017**

Dear Mr. Farrelly:

As you know, this office represents, Alberona Market located at 319 Mt. Pleasant Avenue, Newark, New Jersey for a fire loss occurring on March 17, 2017. I am in receipt of your letter dated March 28, 2107 wherein you are denying coverage due to an expired policy effective March 14, 2017. As I am sure you are aware, you are bound to provide my client with proper notice of non-renewal and/or cancellation of the policy pursuant to N.J.A.C. 11:1-20.2(i). By way of this letter, I am requesting that you provide to this office proof of notice pursuant to the aforementioned statute. By copy of this letter, I am putting Grano Insurance and Morstan General Agency, Inc. on notice of my representation in this matter and ask that they as well provide any and all proofs of notice of said cancellation as mandated by statute.

Lastly, I recently spoke with Andrew Sternheim, adjuster for Wesco Insurance Company who provides coverage for the landlord/owner of 319 Mount Prospect Ave, Newark, NJ. He advised that a fire inspection will be conducted sometime next week. I would like to know if you will be sending a representative to the inspection in the event my client is able to establish coverage under your policy for this date of loss. Please advise.

If you have any questions, please feel free to contact my office.

Very truly yours,
Law Offices of Christopher T. Howell, Esq.

CHRISTOPHER HOWELL

cc: Immacolata Soliman – (via e-mail)
Morstan General Agency, Inc. – (via regular mail)
Grano Insurance Agency – (via regular mail)
Andrew Sternheim (via email: asternheim@deckerclaims.com)



**Atlantic Casualty**
**Insurance Company**

# COMMON POLICY DECLARATIONS

Policy Number  M148000110-2

M148000110-1
Renewal of Number

SLA# 00718-16-00318

**Item 1. Named Insured and Mailing Address:**

ALBERONA MARKET

319 Mt. Prospect Avenue
NEWARK                    NJ 07104

| Item 2. Policy Period | From:  03/14/2016 | To:  03/14/2017 | Term  365 | Day(s) |
|---|---|---|---|---|

12:01 A. M.  Standard Time at the address of the Named Insured as stated herein

**Item 3. Business Description:**
VARIETY STORE

**In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.**

This policy consists of the following coverage parts for which a premium is indicated. Where no premium is shown, there is no coverage. This premium may be subject to adjustment.

| Coverage Part(s) | Form No and Edition Date | Premium |
|---|---|---|
| Commercial General Liability Coverage Part | | $    575.00 |
| Property Coverage Part | | $    750.00 |
| Equipment Breakdown Coverage | | $     43.00 |
| Inland Marine Coverage Part | | $ |
| Terrorism Coverage | | $ |
| | Subtotal | $   1,368.00 |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | Total | $   1,368.00 |

**Audit Period Annual** unless otherwise stated.

**Item 4.  Forms and endorsements applicable to all Coverage Parts:**
See Schedule of Forms and Endorsements

Agent No.:      29091918
General Agent:  MORSTAN GENERAL AGENCY OF NEW JERSEY, INC.
Address:        1460 ROUTE 9 NORTH, SUITE 204
                WOODBRIDGE                          NJ   07095

Producer Code No.:
Producer Name:    GRANO INSURANCE AGENCY
Producer Address: PO BOX 368
                  SOUTH ORANGE                      NJ   07079

Countersigned _____03/17/2016_____CG/AG_____          By _____
                        DATE                                        COUNTERSIGNATURE

"This policy is written by a surplus lines insurer and is not subject to the filing or approval requirements of the NJ Dept. of Banking & Insurance. Such a policy may contain conditions, limitations, exclusions and different terms than a policy issued by an insurer granted a Certificate of Authority by the Department. The insurer has been approved by the Department as an eligible surplus lines insurer, but the policy is not covered by the NJ Insurance Guaranty Fund. Only a policy of medical malpractice liability as defined in NJSA 17:30-3d or policies of property insurance covering owner-occupied dwellings of less than four dwelling units are covered by the NJ Surplus Lines Guaranty Fund."

THIS COMMON POLICY DECLARATIONS AND THE SUPPLEMENTAL DECLARATIONS, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND ENDORSEMENTS COMPLETE THE ABOVE NUMBER POLICY.

IN WITNESS WHEREOF, this Company has caused the Policy to be signed by its President and its Secretary and countersigned by a duly authorized representative.

_____                          _____
President                                                    Secretary

D 12-15                              INSURED



**Atlantic Casualty Insurance Company**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS**

Renewal of Number  M148000110-1

Policy No.  M148000110-2

Named Insured and Mailing Address (No., Street, Town or City, County , State, Zip Code)*
ALBERONA MARKET

319 Mt. Prospect Avenue
NEWARK          NJ 07104
Policy Period * : From 03/14/2016   to 03/14/2017   at 12:01 A.M. Standard Time at your mailing address shown above.

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

| **LIMITS OF INSURANCE** | | |
|---|---|---|
| Each Occurrence Limit | $ 1,000,000 | |
| Damages To Premises Rented To You Limit | $ 100,000 | Any one premises |
| Medical Expense Limit | $ 5,000 | Any one person |
| Personal and Advertising Injury Limit | $ 1,000,000 | Any one person or organization |
| General Aggregate Limit | $ 2,000,000 | |
| Products / Completed Operations Aggregate Limit | $ 1,000,000 | |

**RETROACTIVE DATE (CG 00 02 ONLY)**
Coverage A of this Insurance does not apply to "bodily injury" or "property damage" which occurs before the Retroactive Date, if any, shown here:
(Enter Date or "None" if no Retroactive Date applies)

**DESCRIPTION OF BUSINESS AND LOCATION OF PREMISES**
Form of Business:
☒ Individual   ☐ Joint Venture   ☐ Partnership   ☐ Organization (Other than Partnership or Joint Venture)
Business Description*:
VARIETY STORE

Location of All premises You Own, Rent or Occupy:

319 Mt. Prospect Avenue                    NEWARK          NJ 07104

**PREMIUM**

| Classification | Code No. | Premium Basis | Territory | Rate Pr/Co | Rate All Other | Advance Premium Pr/Co | Advance Premium All Other |
|---|---|---|---|---|---|---|---|
| Variety Stores - Other than Not-Forf-Profit | 18911 | S GS 50,000 | 006 | 0.178 | 5.007 | $9 | $250 |

See Attached ACD-GLS
Subtotal For ACD-GLS          $   50.00
Minimum Premium Applies      Total or Minimum Premium   $  575.00

**(a) area   (c) total cost   (m) admission   (p) payroll   (s) gross sales   (u) units   (t) other

**FORMS AND ENDORSEMENTS** applying to this Coverage part and made part of this policy at time of issue +:
SEE SCHEDULE OF FORMS AND ENDORSEMENTS

Countersigned:*

By _____   Authorized Representative

*Entry optional if shown in Common Policy Declarations.
+Forms and Endorsements applicable to this Coverage Part omitted if shown elsewhere in the policy.
THESE DECLARATIONS AND THE COMMON POLICY DECLARATIONS, IF APPLICABLE, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc.

ACD-GL1 08-11

POLICY NUMBER: M148000110-2

**COMMERCIAL GENERAL LIABILITY**
**CG 20 11 01 96**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# ADDITIONAL INSURED – MANAGERS OR LESSORS OF PREMISES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

1. Designation of Premises (Part Leased to You): 319 Mt. Prospect Avenue
   NEWARK                                         NJ      07104
2. Name of Person or Organization (Additional Insured): JC REALTY
   263 MOLNAR DR., ELMWOOD PARK, NJ 07407
3. Additional Premium: $50

(If no entry appears above, the information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:

This insurance does not apply to:
1. Any "occurrence" which takes place after you cease to be a tenant in that premises.
2. Structural alterations, new construction or demolition operations performed by or on behalf of the person or organization shown in the Schedule.

          Copyright, Insurance Services Office, Inc., 1994

Policy Number:  M148000110-2

## LOCATION OF PREMISES

Location of All premises You Own, Rent or Occupy:

319 Mt. Prospect Avenue                    NEWARK                      NJ  07104

## PREMIUM

| Classification | Code No. | Premium Basis | Territory | Rate Pr/Co | All Other | Advance Premium Pr/Co | All Other |
|---|---|---|---|---|---|---|---|
| Additional Insured - Manager Or Lessor Of Premises | CG2011 | | | | | $ | $50 |
| | | | | | | $ | $ |
| | | | | | | $ | $ |
| | | | | | | $ | $ |

|  |  |  |
|---|---|---|
| Total for extension | Total | $50.00 |

**(a) area   (c) total cost   (m) admission   (p) payroll   (s) gross sales   (u) units   (t) other

ACD-GLS 08-11



**Atlantic Casualty Insurance Company**

# COMMERCIAL PROPERTY COVERAGE PART DECLARATIONS

M148000110-1
Renewal of Number*

**Policy No.** M148000110-2
Named Insured and Mailing Address (no., Street, Town or City, County, State, Zip Code)*
ALBERONA MARKET

319 Mt. Prospect Avenue
NEWARK          NJ    07104

☐ Supplemental Declaration is attached

**Policy Period\*:**     From 03/14/2016     to  03/14/2017         at 12:01 A.M. Standard Time at your
mailing address shown above.

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE
WITH  YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

| BUSINESS DESCRIPTION*   VARIETY STORE |
|---|

**DESCRIPTION OF PREMISES**

| PREM. NO. | BLDG. NO. | LOCATION, CONSTRUCTION AND OCCUPANCY | | |
|---|---|---|---|---|
| 01 | 01 | 319 Mt. Prospect Avenue | NEWARK | |
| | | NJ  07104          Frame | | VARIETY STORE |

COVERAGES PROVIDED - INSURANCE AT THE DESCRIBED PREMISES APPLIES ONLY FOR COVERAGES FOR WHICH A LIMIT OF
INSURANCE IS SHOWN

| PREM. NO. | BLDG. NO. | COVERAGE | LIMIT OF INSURANCE | COVERED CAUSES OF LOSS | COINSURANCE+ | RATES |
|---|---|---|---|---|---|---|
| 01 | 01 | BPP | 100,000 | Special Excl Theft | 80  % | 0.6831 |
| 01 | 01 | BI-Ex Exp | 10,000 | Special Excl Theft | 80  % | 0.6664 |

OPTIONAL COVERAGES -APPLICABLE ONLY WHEN ENTRIES ARE MADE IN THE SCHEDULE BELOW. *IF EXTRA EXPENSE COVERAGE, LIMITS ON THE LOSS PAYMENT

| PREM. NO. | BLDG. NO. | AGREED VALUE EXPIRATION DATE COVERAGE | AMOUNT | REPLACEMENT COST (X) | | |
|---|---|---|---|---|---|---|
| | | | | BUILDING | PERSONAL PROPERTY | INCL "STOCK" |
| 01 | 01 | | | | X | |

| PREM. NO. | BLDG. NO. | INFLATION GUARD (Percentage) | | ++MONTHLY LIMIT OF INDEMNITY (Fraction) | ++MAXIMUM PERIOD INDEMNITY (X) | ++ EXTENDED PERIOD OF INDEMNITY (DAYS) |
|---|---|---|---|---|---|---|
| | | BUILDING | PERSONAL PROPERTY | | | |
| | | % | % | | | |
| | | % | % | | | |

| MORTGAGE HOLDER(S) | ++APPLIES TO BUSINESS INCOME ONLY |
|---|---|

| PREM. NO. | BLDG. NO. | MORTGAGE HOLDER NAME AND MAILING ADDRESS |
|---|---|---|
| | | |

**DEDUCTIBLE**

$1000   EXCEPTIONS:

FORMS AND ENDORSEMENTS applying to this Coverage part and made part of this policy at time of issue**:

APPLICABLE TO ALL COVERAGES:

SEE SCHEDULE OF FORMS AND ENDORSEMENTS

| APPLICABLE TO SPECIFIC PREMISES/COVERAGES: | PREM. NO. | BLDG. NO. | COVERAGES | FORM NUMBERS |
|---|---|---|---|---|

**PREMIUM FOR THIS COVERAGE PART**

| | TOTAL $    750.00 | *Payable at Inception* |
|---|---|---|

Countersigned:*

By: _____
                        Authorized Representative

*Entry optional if shown in Common Policy Declarations

**Forms and endorsements applicable to this Coverage Part omitted if shown elsewhere in the policy.

THESE DECLARATIONS AND THE COMMON POLICY DECLARATIONS, IF APPLICABLE, TOGETHER WITH THE COMMON POLICY CONDITIONS,
COVERAGE FORM(S) AND FORMS ENDORSEMENT, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1983, 1984

04/10/2017 02:56 PM 4FDE7_41387



PURPLE HEART

FOREVER USA

CHRISTOPHER T. HOWELL
*ATTORNEY AT LAW*
315 Broad Street
Bloomfield, NJ 07003

Brian Farrelly, Claims Examiner
Atlantic Casualty Insurance Company
Claims Department
400 Commerce Court
Goldsboro, North Carolina 27533-2027

# CHRISTOPHER T. HOWELL
*ATTORNEY AT LAW*

315 BROAD STREET
BLOOMFIELD, NEW JERSEY 07003

Phone: (973) 259-1122
Fax: (973) 259-0102

chrishowell@lawhm.com
www.lawhm.com

March 23, 2017

### *VIA FAX (919-751-2502) & REGULAR MAIL*

Atlantic Casualty Insurance Company
Claims Department
400 Commerce Court
Goldsboro, North Carolina 27533-2027

> **Re:  Insured:  Alberona Market**
> **Policy No: M1480001102**
> **Date of Loss: 03/17/2017**

Dear Sir/Madam:

Please be advised this office was retained by Alberona Market to establish a claim following a property damage loss which occurred on the above date.  Please be advised my client's place of business is located at 319 Mt. Pleasant Avenue, Newark, New Jersey 07104 which sustained significant fire damage on March 17, 2017.  By way of this letter, I am kindly requesting that you establish a claim at this time and advise me of the adjuster handling this matter.  I would request that you direct all future communications directly to my office.

If you have any questions, please feel free to contact my office.

Very truly yours,

Law Offices of Christopher T. Howell, Esq.

CHRISTOPHER HOWELL

CH/rl

cc:  Immacolata Soliman – (via e-mail)
     Morstan General Agency, Inc.

**CHRISTOPHER T. HOWELL**
*ATTORNEY AT LAW*
315 Broad Street
Bloomfield, NJ 07003

Atlantic Casualty Insurance Company
Claims Department
400 Commerce Court
Goldsboro, North Carolina 27533-2027

27534-704800